## LITTLE ROCK COOPERAGE COMPANY *v.* HODGE.

FISH, J. The plaintiff's petition was in substance good, and, as against the demurrer thereto, which was not only general in its nature but vague in its terms, set forth a cause of action. The defects in the petition, if any, should have been specifically pointed out by an appropriate special demurrer.

*Judgment reversed. All the Justices concurring.*

Argued November 18, 1898. — Decided February 11, 1899.

Action on foreign judgment. Before Judge Smith. Pulaski superior court. August term, 1898.

The declaration was demurred to upon the grounds: (1) No cause of action is set forth, and the proceedings show a nullity. (2) The petition shows on its face that the alleged judgment is void. (3) The petition shows no valid verdict on which to base a judgment as sued on. The demurrer was sustained, and the plaintiff excepted. The declaration alleged, that in a designated court of the State of Arkansas, the same being a court of record, the plaintiff commenced suit against Holmes, Orem, and Hodge, as partners under the firm name of Holmes & Co.; that no service was made upon Holmes nor upon Orem, but Hodge was duly served with the suit and process, and appeared both in person and by attorney; that on January 13, 1897, in said court, a verdict and judgment in said suit were rendered against said Hodge in the sum of $260.27, and $14.70 costs, in favor of the plaintiff, which judgment is still due and unpaid; and that Hodge is a resident of the county in which the present suit is brought. Plaintiff prays judgment against him, and that process issue, etc.

*W. L. & Warren Grice,* for plaintiff.
*J. H. Martin,* for defendant.