HELMS *et al. v.* MARSHALL, administrator.

A judgment rendered against an administrator, purporting to revive a judgment which was dormant, but which, so far as the record discloses, was barred, there being no entry on the execution within ten years after its issuance, is not void, and can not be collaterally attacked by the heirs at law of the decedent in the trial of a claim interposed by them to the levy of an execution issued on the revived judgment.

Submitted December 12, 1904.— Decided January 28, 1905.

Levy and claim.　Before Judge Butt.　Talbot superior court.　March 15, 1904.

*J. J. Bull*, for plaintiffs in error.
*Persons & McGehee*, contra.

49

COBB, J.  This was a claim case, in which Marshall, adminis-
trator, was the plaintiff in execution, the administrators of George
and Caroline Boswell, respectively, were the defendants in execu-
tion, and the claimants were the heirs at law of George and
Caroline Boswell.  It was admitted that the Boswells were in
possession at the dates of the death of each.  From the evidence
introduced in behalf of the claimants, it appears that judgment
was rendered against George Boswell in 1873, in favor of the
plaintiff's intestate.  This judgment became dormant, and was
duly revived in 1888, on a scire facias in favor of Marshall,
administrator, against Caroline Boswell, as executrix of George
Boswell.  Execution upon the revived judgment was issued Octo-
ber 8, 1888, and there were no other entries on the docket.  In
1902, more than ten years from the date that the execution was
issued, a proceeding to revive the revived judgment of 1888 was
instituted against the legal respresentatives of both George and
Caroline Boswell, and a judgment of revival was rendered against
both after proper service.  Why the legal representative of Caro-
line Boswell was made a party does not appear.  The court, over
objection of claimants, ruled out all of the evidence introduced
by them, on the ground that, being the heirs of George and Caro-
line Boswell, they could not attack the judgment that had been
rendered against the administrators of the Boswells.  A verdict
was then rendered finding the property subject; and the claimants
excepted, assigning error only upon the exclusion of the evidence
above referred to.

It appears from the bill of exceptions only by inference that
the purpose of the testimony introduced by the claimants was
to show that the judgment rendered in 1902, reviving the judg-
ment of 1888, was void, because the judgment sought to be re-
vived was barred by the statute of limitations; and this is the
contention of counsel for the plaintiffs in error in his brief.  The
judgment of 1888, so far as the record discloses, was barred in
1902, when the proceeding to revive it was instituted.  Civil
Code, § 3761.  A scire facias to revive a dormant judgment is
in the nature of a suit, and the defendant is bound to plead
all matters of defense that he has, just as he would in an ordinary
suit, or else he will be after the judgment concluded as to any
defense which could have been made the subject-matter of a plea.

*Lewis* v. *Allen*, 68 *Ga.* 400.    When a legal representative is sued upon a debt of the decedent, it is not his duty to plead the statute of limitations, unless the bar attached during the lifetime of the decedent.    Civil Code, § 3433.    If, however, the bar attached during the lifetime of the decedent, it is his duty to interpose the defense of the statute.    But if he allows judgment to be rendered against him in either case, both he and the heirs of the estate, who are his privies, are bound by the judgment, and can not thereafter set up that the claim was barred.    The heirs, however, are not precluded by the judgment from holding the administrator responsible as for a devastavit, in case it be shown that the claim was not a just claim, or that the bar of the statute attached during the lifetime of the decedent.    See Civil Code, § 3433.    A dormant judgment is a debt of record, and the rules above referred to apply to a proceeding instituted thereon, whether it be an ordinary suit on the judgment or a scire facias to revive the same.    A judgment reviving a dormant judgment on scire facias instituted for that purpose is an adjudication between the parties and their privies that the judgment was a dormant judgment at the time the proceeding to revive the same was instituted, and they will not be heard subsequently to aver that the judgment was not dormant at the time the judgment of revival was rendered, or that at that time it was barred by the statute of limitations.    *Foster* v. *Reid*, 57 *Ga.* 609; *Dunn* v. *Brogden*, 68 *Ga.* 63.    It does not appear that the judgment of 1873 became either dormant or barred during the lifetime of George Boswell, and the judgment of 1888 of course did not become barred during his life, as that judgment was rendered against his legal representative.    So far as the judgment of 1902 was a judgment against the legal representative of George Boswell, it was a valid judgment between the parties and their privies, and was not subject to the attack which was sought to be made on it in the present case.    Caroline Boswell was not a party to the judgment of 1873.    She was a party to the judgment of 1888 at the time it was rendered only in her representative capacity as executrix of George Boswell.    If she became a party to that judgment in her individual capacity, it was by reason of something that transpired after the judgment was rendered.    She may have been a surety on a supersedeas or stay bond and have thus become bound by the judgment; and if so, a proceeding to revive the judgment of 1888 would be

properly instituted against her. As her legal representative was a party to the scire facias and made no defense, the presumption after the judgment of revival would be that she had become in some lawful way bound by the judgment sought to be revived, and a judgment of revival entered against her legal representative would be binding upon him and her heirs, whether the judgment sought to be revived became barred during her lifetime or not. In no view of the case as it appears in the record was the judgment of 1902 void. If it had been shown that this judgment was fraudulent or collusive, a different question would have been presented. No reason for reversing the judgment has been shown. *Judgment affirmed. All the Justices concur.*