## HEAKES v. HEAKES.

1. The court did not err in overruling the general demurrer to the petition. The Alabama chancery decree awarding alimony to the plaintiff constituted the basis for the obligation on the part of the husband to pay the wife $75 per month. The statute of limitations did not begin to run, as against the suit on these monthly payments, until there was a failure to pay according to the requirements of the decree. On the failure to pay any monthly installment the statute began to run as against that installment.

2. In a suit in this State upon a cause of action arising out of a judgment rendered in a sister State, it is not necessary to allege or prove an authenticated copy of the record of the entire proceedings, but a prima facie case is made by alleging and proving a properly authenticated copy of the judgment itself. *Gibson* v. *Robinson*, 90 *Ga.* 756 (16 S. E. 969, 35 Am. St. R. 250); *Kerchner* v. *Frazier*, 106 *Ga.* 437, 439, 440 (32 S. E. 351); *Little Rock Cooperage Co.* v. *Hodge*, 112 *Ga.* 525 (37 S. E. 743); *Patterson* v. *Drake*, 126 *Ga.* 478 (3) (55 S. E. 175); *Hirsch* v. *Lumbermen's Supply Co.*, 130 *Ga.* 555, 558 (61 S. E. 225); *Weaver* v. *Tuten*, 138 *Ga.* 101 (2), 102 (74 S. E. 835). Accordingly the fourth ground of the demurrer based on the failure to allege in the petition the record in the case in the chancery court of Alabama is without merit.

3. The demurrer, in the second and third grounds, attacked the petition because it failed to show jurisdiction of the Alabama court to render the judgment. This court has previously ruled against this contention in a case involving the same principle. Where the lack of jurisdiction in the court of another State does not appear on the face of the record before this court, the jurisdiction of such foreign court will be presumed by the courts of this State. *Enterprise Distributing Corporation* v. *Zalkin*, 154 *Ga.* 97, 110; 15 Ruling Case Law, 887, § 365; see *Alabama Great Southern R. Co.* v. *Hill*, 139 *Ga.* 227 (4) (76 S. E. 1001, 43 L. R. A. (N. S.) 236, Ann. Cas. 1914D, 996). Nothing before us in the present case shows lack of jurisdiction in the chancery court of Alabama to render the decree awarding alimony to the plaintiff. So far as the pleadings show, the chancery court of Alabama may render decrees awarding alimony either in term time or vacation.

4. On the trial of the issue the defendant objected to the admission of a certified copy of the decree for alimony rendered by the chancery court of Alabama. The first ground of the objection was that the decree showed on its face that it was rendered in vacation and was prima facie void and not entitled to benefit under the full-faith-and-credit clause of the Federal constitution. We have ruled in the next preceding headnote contrary to this contention. The second ground of objection was that the decree was "irrelevant, immaterial, harmful, and prejudicial to the defendant, for the reason that the [trial] court, by its decision upon defendant's demurrer, held the cause based on said judgment to be barred by the statute of limitations." This is not a good ground of demurrer. The trial court sustained the ground of the demurrer setting up the contention that the suit on the judgment was

barred by the statute of limitations, but overruled the general demurrer to the petition, and held that there was a cause of action set out entitling the plaintiff to recover on the debt due the plaintiff by the defendant of $75 per month for alimony, which debt was created by the decree in chancery. Under this ruling of the trial court the decree was admissible in evidence.

5. Other grounds of the demurrer to the petition are without merit, and are not of such character as to require special discussion.

6. None of the assignments of error show cause for reversal.

Nos. 3940, 3975. April 16, 1924.

Alimony. Before Judge Meldrim. Chatham superior court. August 9, 1923.

On January 30, 1909, Willie M. Heakes recovered against G. H. Heakes, in the chancery court of the State of Alabama, at Mobile, a judgment and decree for permanent alimony in the sum of $75 per month. Default was made in the payment of the alimony, and on March 1, 1917, there was due the sum of $3375. This was compromised between the parties for $1500, and a payment of $300 was made, leaving a balance of $1200 due. On January 9, 1923, Mrs. Heakes filed in Chatham superior court a petition alleging, in addition to the facts already recited, that from March 1, 1917, to January 1, 1923, G. H. Heakes had become indebted to her in the further sum of $5250, aggregating, with the $1200 above mentioned, $6450, upon which payments amounting to $3156.96 had been made, leaving $3293.04 due to her. The prayers were: (1) that the judgment and decree of the Alabama court be set up and established, and a declaratory judgment of Chatham superior court be had thereon; (2) that she have judgment for the $3293.04, alleged to be due at the filing of the suit, with interest, together with such additional sums as might become due and be unpaid at the time of trial of the case; (3) for process, and (4) general relief. A copy of the decree of the Alabama court was attached as an exhibit to the petition, together with a memorandum showing the payments alleged to have been made.

The defendant demurred to the petition, on the grounds: (*a*) that it does not set forth a cause of action; (*b*) that the copy of the alleged decree attached to the petition as an exhibit does not show that the Alabama court had any jurisdiction which would enable it to render a money decree against the defendant; (*c*) that neither the petition nor the alleged copy of the decree shows that the Alabama court or the alleged chancellor had any jurisdiction

over the subject-matter which said decree purports to cover; (d) that the record of the alleged case in the chancery court of Alabama is not set forth in said petition or in the exhibit; (e) that the allegation that a claim for $3375·was compromised between the parties is a conclusion of the pleader, without any facts set forth upon which to base the same; (f) that if payments shown by memorandum attached to the petition, made between March 1, 1917, and Jan. 8, 1918, be credited upon the item of $1200, there would remain a balance of $424.20, to which should be added $825.00 becoming due from March 1, 1917, to Jan. 8, 1918, making a total of $1252.29 which accrued and became due more than five years before the filing of the suit, and which would be barred under the provisions of the Civil Code, § 4354; (g) that the item of $1200, alleged to be the balance due upon said judgment up to March 1, 1917, is barred because not sued upon within five years. These grounds of demurrer were overruled, and in the order passed by the court the following language was used: "So much of the demurrer as deals with the right of the plaintiff to recover the sum of $75 per month is overruled. On the non-payment of an installment the right of action. accrued to the plaintiff. The statute of limitations begins to run from the time the right of action arose. The defendant had the right to apply the payments. He did not apply them. The plaintiff had the right to apply, but she did not do so. The law applied them to the oldest unpaid installments. The plaintiff has the right to sue for such unpaid installments as came due within four years next preceding the commencement of the action." The following grounds of demurrer were sustained: (h) that the plaintiff cannot in any event recover in this suit more than the amount due under the alleged Alabama judgment up to the date of filing the suit, and should not be permitted to recover "such additional sum as may accrue and become due and be unpaid on the day of the trial;" (i) that the court has no jurisdiction or power to set up and establish the alleged Alabama judgment, or to render a declaratory judgment thereon; (j) that suit upon said judgment was not commenced, as required by the Civil Code (1910), § 4354, within five years after the same was obtained. The plaintiff excepted pendente lite to the sustaining of these grounds, and assigned error thereon in a cross-bill of exceptions.

On the trial the plaintiff testified: "The present amount of alimony unpaid is $2038.90 principal, and $163.62 interest, making a total of $2202.52, being principal to January 1st, 1923, and interest to date. I ceased to be the wife of George H. Heakes on January 30, 1909." She introduced a certified copy of the decree above referred to, providing, among other things, "that the defendant pay the complainant the sum of seventy-five dollars per month as permanent alimony," and reciting that it was made "in vacation." The testimony of the plaintiff above quoted was objected to upon the ground that it shows she was not the wife of defendant since January 30, 1909, and is not entitled to recover alimony; and that if she is relying upon the alleged judgment set out in the petition, said judgment is ineffective under the decision of the court upon defendant's demurrer, holding said judgment barred; and upon the further ground that if the testimony as to the amount of alimony due is based upon any judgment, the judgment itself is the best evidence of the amount allowed as alimony. Defendant objected to the admission of the decree mentioned, upon the grounds: (1) that as it shows upon its face it was rendered in vacation, it is prima facie void and not entitled to the benefit of the full-faith-and-credit clause of the Federal constitution; (2) that it was irrelevant, immaterial, harmful, and prejudicial to defendant, for the reason that the court had, by its decision upon the demurrer, held the cause of action based on said judgment to be barred by the statute of limitations.

At the conclusion of the evidence the court directed a verdict for the plaintiff for $2038.90 principal, with $163.62 interest, and costs, and entered judgment accordingly. In the main bill of exceptions error is assigned upon the admission, over the objection recited, of the oral and documentary evidence mentioned, upon the direction of the verdict, and upon the judgment and decree entered thereon.

*McIntire, Walsh & Bernstein,* for plaintiff in error.

*W. W. Douglas* and *S. N. Gazan,* contra.

GILBERT, J. 1. The court did not err in refusing to dismiss the petition as a whole. It was not subject to the general demurrer on the ground "that said petition sets forth no cause of action in favor of said plaintiff against this defendant." Conceding, for the present purposes, that suit on the chancery decree of Alabama,

purely as a suit on a foreign judgment, was barred by the statute of limitations under the Civil Code (1910), § 4354, the petition also sought a recovery based on the obligation of the defendant to pay to the plaintiff $75 per month, which obligation was founded on the chancery decree. "A judgment is a chose in action, and, according to the views of Blackstone, constitutes a debt." 15 R. C. L. 575, § 8; and see *Helms* v. *Marshall,* 121 *Ga.* 769, at p. 771 (49 S. E. 733). It was alleged that the defendant had paid many of these installments at the times required by the decree, and that each payment was a renewal of the obligation by the defendant. Very soon after the establishment of this court it was held that "An action of debt will lie on a dormant judgment in this State." *Lockwood* v. *Barefield,* 7 *Ga.* 393. In that case suit was filed upon a judgment rendered more than seven years before the suit. The defendant demurred on the ground that by the statutes of limitation in this State the judgment was void and of no effect, and could be levied only by scire facias. The court sustained the demurrer, and that judgment was reversed by this court. Judge Nisbet, delivering the opinion, said in part: "The object of both acts [referring to dormancy of judgments] is primarily and mainly to prevent a fraudulent enforcement of dormant judgments. They contemplate no benefit to the defendant, but aim at the protection of *innocent purchasers* and *vigilant and bona fide creditors* from frauds, perpetrated through the agency of judgments which, being paid, are collusively kept open." In *Carter* v. *Coleby,* 8 *Ga.* 351, Judge Nisbet again speaking for the court, it was held: "The act of 1823 is not intended for the benefit of judgment debtors; it is not a limitation act, except so far as other creditors and purchasers are concerned. It was intended for their benefit and protection, and the object is effected by extinguishing the lien, and incapacitating the judgment for enforcement. For all other purposes it remains unimpaired. It is evidence of a debt, and an action can be sustained upon it." The same principle was announced in *Williams* v. *Price,* 21 *Ga.* 507. See also *Columbus Fertilizer Co.* v. *Hanks,* 119 *Ga.* 950, at p. 956 (47 S. E. 222). "A scire facias to revive a dormant judgment is in the nature of a suit, and the defendant is bound to plead all matters of defense that he has, just as he would in an ordinary suit, or else he will be, after the judgment, concluded as to any defense which could have been

made the subject-matter of a plea. *Lewis* v. *Allen,* 68 *Ga.* 400.
. . A dormant judgment is a debt of record, and the rules above referred to [referring to the plea of the statute of limitations] apply to a proceeding instituted thereon, whether it be an ordinary suit on the judgment or a scire facias to revive the same." *Helms* v. *Marshall,* supra.

The dormancy statute is a limitation on the right to enforce the judgment. Section 4354 of the Code of 1910, which provides that all suits upon foreign judgments shall be brought within five years after such judgment is obtained, is immediately followed in the next section by the statute in regard to the dormancy of judgments. Both of these sections are listed in the Code under the caption: "Article 8. Of Limitations of Actions on Contracts. Section 1. Periods of Limitation." So we conclude that the principles applicable to limitation of actions on judgments are the same or analogous to those applicable to dormancy of judgments. Even if the judgment is barred, the debt is not. Outside authorities on this question are, as might be expected, not in complete harmony. Some of the decisions, upholding the view which we have taken, particularly with regard to the result, are here mentioned. "The statute of limitations requires an action on a judgment to be brought within five years; but when a judgment is rendered in installments, the time begins to run from the period fixed for the payment of each installment as it becomes due." DeUprey *v.* DeUprey, 23 Cal. 352. This was a case where suit was brought to enforce the payment of past-due installments of alimony. "Where a judgment is made payable in installments, the statute of limitations applies to each installment separately, and does not begin to run on any installment until it is due." Simonton *v.* Simonton, 33 Idaho, 255 (193 Pac. 386), and authorities cited; Arndt *v.* Burghardt, 165 Wis. 312 (5) (162 N. W. 317); Arrington *v.* Arrington, 127 N. C. 190 (37 S. E. 212, 52 L. R. A. 201, 80 Am. St. R. 791); Shafner *v.* Shafner, 182 Ill. App. 450; McGill *v.* McGill, 101 Kans. 324 (166 Pac. 501), and authorities cited.

2-6. The remaining headnotes do not require elaboration.

*Judgment on the main bill of exceptions affirmed. Cross-bill dismissed. All the Justices concur, Atkinson, J., specially.*