27090. SULLIVAN *v.* DOUGLAS GIBBONS INCORPORATED.

DECIDED OCTOBER 24, 1938. REHEARING DENIED NOVEMBER 16, 1938.

*Winfield P. Jones,* for plaintiff in error. *J. G. Roberts,* contra.

709

SUTTON, J. This was a suit by Douglas Gibbons Inc., against John G. Sullivan, in Cobb superior court, on a judgment obtained in the municipal court of the City of New York, Borough of Manhattan, Third District, a copy of the foreign judgment being attached to the plaintiff's petition as an exhibit. No answer being filed by the defendant, the suit was marked "in default" upon the call of the appearance docket at the first term. At the trial term, before this case was called for trial, the defendant filed a motion in which he asked the court to refuse to render any judgment in the case, or, if submitted to a jury, to instruct the jury that they would not be authorized to return a verdict against the defendant, on the ground that it did not appear that the judgment sued on was rendered by a foreign court of competent jurisdiction, and was not such a foreign judgment as would support an action here, and consequently the petition failed to set out a cause of action. The court overruled the motion, and this is assigned as error.

The plaintiff tendered in evidence a certified transcript and copy of the judgment sued on. This was objected to by the defendant, on the ground that, it appearing therefrom that the judgment was signed by "Patrick H. Bird, clerk," and it not appearing that the court where the judgment was entered was a court of general jurisdiction or a court of record, and it not appearing from the authenticated copy, pleadings, or other evidence that any statutory authority existed in the State of New York for an entry of a judgment in said court by the clerk, and it further appearing that the practice of the judgment being entered by a clerk of the court was unknown to the practice in the State of Georgia, the said evidence did not constitute an authenticated copy of an enforceable foreign judgment under the Code, § 38-627. The defendant's objection was overruled, and the documentary evidence was admitted. There being no further evidence, the court directed a verdict for the plaintiff. The defendant assigns error on the admission of said evidence, and on the direction of the verdict.

■ The court properly overruled the motion to refuse to render any judgment in the case, or to instruct the jury that they would not be authorized to return a verdict against the defendant. The petition alleged that the defendant was indebted to the plaintiff on the foreign judgment sued on, and attached a copy of that judgment to the petition as an exhibit. This was sufficient as against

710

the motion to dismiss, which was in the nature of a general demurrer. *Little Rock Cooperage Co.* v. *Hodge,* 105 *Ga.* 828 (32 S. E. 603) ; s. c. 109 *Ga.* 434 (3) (34 S. E. 667) ; *Heakes* v. *Heakes,* 157 *Ga.* 863 (2) (122 S. E. 777).

■ The copy of the transcript and judgment sued on was certified by Patrick H. Bird, clerk of the municipal court of New York, Borough of Manhattan, Third District, with the seal of the court affixed, together with a certificate of Pelham St. George Bissell, President-Justice of said court, to the effect that the attestation by said clerk was in due form, and that full faith and credit are due to his official acts; and this was followed by another certificate by said clerk that Pelham St. George Bissell was President-Justice of said court, and that his signature to the aforesaid certificate was genuine, the seal of the court being affixed to all three certificates. The transcript and judgment were authenticated in accordance with the acts of Congress, May, 1790, and March, 1804, as embodied in our Code, § 38-627, which provides that "The records and judicial proceedings of the court of any State or Territory, or of any such country [subject to the jurisdiction of the United States], shall be proved or admitted in any other court within the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, that the said attestation is in due form. The said records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken (Acts of Congress, May, 1790, and March, 1804. United States Revised Statutes, § 905, U. S. C. A. title 28, § 687)" *Clein* v. *Diamond,* 17 *Ga. App.* 652 (87 S. E. 1101) ; *Sloan* v. *Wolfsfeld,* 110 *Ga.* 70 (35 S. E. 344) ; *Little Rock Cooperage Co.* v. *Hodge,* 112 *Ga.* 521 (37 S. E. 743).

■ It is contended by the plaintiff in error that the authenticated judgment was not admissible in evidence, it not appearing that such judgment was rendered by a court of competent jurisdiction. As was said by the Supreme Court in *Heakes* v. *Heakes,* supra, "This court has previously ruled against this contention in a case involving the same principle. Where the lack of jurisdiction in the court of another State does not appear on the face of the record

before this court, the jurisdiction of such foreign court will be presumed by the courts of this State. *Enterprise Distributing Corporation* v. *Zalkin*, 154 *Ga.* 97, 110 (113 S. E. 409) ; 15 R. C. L. 887, § 365; see *Alabama Great Southern R. Co.* v. *Hill*, 139 *Ga.* 227, (4) (76 S. E. 1001, 43 L. R. A. (N. S.) 236, Ann Cas. 1914D, 996)." There is nothing in the evidence to show that the municipal court of the City of New York, Borough of Manhattan, Third District, did not have jurisdiction to render the judgment sued on in this case. The court did not err in admitting the authenticated transcript in evidence, or in directing the verdict for the plaintiff.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*