31648.  GRAVITT *v.* EMPLOYEES LOAN & THRIFT CORP.

DECIDED SEPTEMBER 3, 1947.

*Vester M. Ownby,* for plaintiff in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Sidney Haskins,* contra.

SUTTON, C. J.   Employees Loan & Thrift Corporation instituted foreclosure proceedings against Adrian Raine in the Civil Court of Fulton County, upon a bill of sale to secure debt executed by

Raine to it on May 18, 1946, to a certain Studebaker truck. The truck was found by a deputy marshal of said court in the possession of J. B. Gravitt and was levied upon as the property of the defendant Raine in the possession of Gravitt. Gravitt filed a claim and gave bond for the truck and the issue thus made came on for trial in said court. By consent of the parties the case was tried before the judge without the intervention of a jury; and the judge found in favor of the plaintiff and denied the claim. The claimant's amended motion for a new trial was overruled, and he excepted.

■ It was undisputed that the claimant purchased the truck, on February 6, 1946, from Huggins Motors and that it was described in the bill of sale to secure debt executed by Adrian Raine to the plaintiff on May 18, 1946. It also appeared that the claimant placed the defendant in possession of the truck under an agreement between them, whereby the defendant was to engage in hauling produce and other commodities with the truck and was to turn over to the claimant one-half of the profits derived from such operations, and that the defendant was in possession of the truck at the time he executed the bill of sale to secure debt to the plaintiff. While the claimant testified that he owned the truck and that the defendant had no interest therein, the defendant testified that he purchased the truck from the claimant, on May 17, 1946, for a consideration of $1495, which he testified he paid to the claimant in cash, and that the claimant executed a bill of sale to him for the truck. This bill of sale was introduced in evidence by the plaintiff. The claimant denied the execution of the bill of sale and the evidence was conflicting as to whether or not he executed it. Under the evidence, the trial judge was authorized to find that the claimant conveyed the truck in question to the defendant on May 17, 1946, which was before the defendant executed and delivered the bill of sale to secure debt to the plaintiff.

There being evidence to support the finding of the trial judge, who tried the case without the intervention of a jury, the court did not err in overruling the general grounds of the motion for a new trial. *Thompson* v. *Ga. Power Co.,* 73 *Ga. App.* 587 (5) (37 S. E. 2d, 622); *Cunningham* v. *Schley,* 41 *Ga.* 426, 437.

■ Ground 4 of the amended motion for a new trial is as fol-

lows: "Claimant excepts to and assigns as error the ruling of the court in the trial of the case by which the onus was placed upon him, claimant respectfully submits that the burden should have been and was rightfully and legally upon the plaintiff, by reason of the fact that the property levied upon was in the possession of the claimant." While the burden of proof may have been upon the plaintiff, under the provisions of the Code, § 39-904, it does not appear that the claimant made or urged any objection to the ruling of the court placing the burden of proof upon him at the time such ruling was made. Even if the burden of proof was properly upon the plaintiff, when no objection was made or urged by the claimant during the progress of the trial to such ruling, it is too late after judgment for the plaintiff for the claimant's counsel to interpose an objection. *Engram & Robinson* v. *Bell,* 147 *Ga.* 416 (94 S. E. 245), and citations. The court did not err in overruling special ground 4.

■ Special grounds 5 and 6 are merely amplifications of the general grounds, and the court did not err in overruling them, as the judgment rendered by the judge, trying the case without the intervention of a jury, is supported by the evidence.

■ The judgment of the trial judge is supported by the evidence, no error of law appears, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Felton and Parker, JJ., concur.*