33482. MINOR *v.* LILLIE RUBIN INCORPORATED.

DECIDED JUNE 9, 1951.

*W. George Thomas,* for plaintiff in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Sidney Haskins,* contra.

WORRILL, Judge. Lillie Rubin Inc. sued James Minor and Rita Minor in the Civil Court of Fulton County upon a judgment obtained in the Civil Court of Record in and for Dade County, Florida, and a true and correct copy of said judgment

was attached to plaintiff's petition as Exhibit "A" and made a part thereof.

The defendant, Rita Minor, filed an answer denying liability, all indebtedness, and that she was served with summons or process in Dade County, Florida, and a plea to the jurisdiction.

The defendant also filed special demurrers to the petition, but they were overruled, and no exceptions were filed to such rulings, and, therefore, such rulings on the demurrers became the law of the case.

The case came on for trial by agreement of both sides before the judge without a jury, resulted in a judgment for plaintiff, the defendant made a motion for a new trial, which was overruled, to this ruling defendant excepted, and the case is here upon such exceptions.

The plaintiff in error did not amend the original motion for a new trial and the case is here upon the general grounds only. The judge acted as both judge and jury, he was the judge of both the law and facts, and his findings on facts are given all the presumptions as those of a jury, and will not be disturbed when supported by any evidence. The record shows that the plaintiff introduced a properly authenticated copy of the Florida judgment, and that made out a prima facie case. There was no evidence introduced by the defendant to rebut the prima facie case except her own testimony, which the evidence shows was contradictory as well as conflicting, and it failed to rebut such prima facie case of the plaintiff. See, in this connection, Code, § 38-1806; *Ivey* v. *State*, 23 *Ga.* 576; *Pierce* v. *State*, 53 *Ga.* 365, 369. In this State, a plaintiff suing on a foreign judgment need only introduce a true and correct copy of such judgment authenticated in accordance with Code § 38-627, and need not introduce the entire record of the proceedings of the foreign State, and a prima facie case is made out by the introduction of such judgment, properly authenticated. See, in this connection, *Little Rock Cooperage Co.* v. *Hodge*, 112 *Ga.* 521 (37 S. E. 743); *Gibson* v. *Robinson*, 90 *Ga.* 756 (16 S. E. 969); *McLendon* v. *McLendon*, 70 *Ga. App.* 664 (29 S. E. 2d, 97), and citations. Where lack of jurisdiction in the court of another State does not appear in the record or in the copy of the judgment, the jurisdiction of such foreign court will be presumed by the courts of

this State. See *Heakes* v. *Heakes,* 157 *Ga.* 863 (122 S. E. 777). In *Cunningham* v. *Schley,* 41 *Ga.* 426, 437, it is said that "When, by consent, the judge acts as both judge and jury, it has been the uniform rule, to give to his finding on the facts all the presumptions usually given to the finding of a jury. Indeed, as he is a kind of arbitrator, selected by the parties, it might be contended that his finding stood upon even higher ground. But that it stands upon as favorable ground is undoubted. Under this rule, we do not think this finding is so contrary to the evidence as to require a new trial." See *Gravitt* v. *Employees Loan &c. Corp.,* 75 *Ga. App.* 561 (4), 562 (44 S. E. 2d, 159) where it is held: "There being evidence to support the finding of the trial judge, who tried the case without the intervention of a jury, the court did not err in overruling the general grounds of the motion for a new trial. *Thompson* v. *Georgia Power Co.,* 73 *Ga. App.* 587 (5) (37 S. E. 2d, 622); *Cunningham* v. *Schley,* 41 *Ga.* 426, 437."

We think that the plaintiff made out a prima facie case by the introduction of a duly authenticated copy of the foreign judgment, that the defendant failed to rebut such prima facie case by the introduction of satisfactory evidence, and the trial judge correctly decided in favor of the plaintiff.

For these reasons the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Sutton, C.J., concurs. Felton, J., concurs in the judgment.*