### 47769. AIKEN v. BYNUM.

HALL, Presiding Judge. Defendant appeals from the denial of his motion to set aside a default judgment under Code Ann. § 81A-160 (d). It was stipulated at the hearing on the motion that the complaint alleged that defendant was a resident of DeKalb County; that he is in fact a resident of Fulton County; and that a DeKalb sheriff actually served defendant by leaving a copy of the petition and process at his residence with a responsible adult. Plaintiff also mailed a copy of the stipulation to trial calendar to defendant at this address. Nothing in this record suggests why defendant failed to appear to contest venue. Some four months after judgment, defendant filed his motion to set aside. The trial court ruled that the motion was not an appropriate remedy.

1. The court did not err. Code Ann. § 81A-160 (d) requires that the motion must be predicated upon some nonamendable defect which appears on the face of the record. Defendant contends that the statement of DeKalb County residence is an inadequate showing of the facts upon which the court's venue depends (Code Ann. § 81A-108); and that if his street address had been set out as required by law, that would have been a nonamendable defect on the face of the record. There is no such requirement of the law. Both prior to and under the CPA, "in most cases a bare allegation of the defendant's residence within the county . . . will suffice

to meet the requirements of alleging the facts upon which venue depends . . . ." *Martin v. Approved Bancredit Corp.,* 224 Ga. 550, 551 (163 SE2d 885). The petition here showed proper venue, and therefore no defect, on its face.

Defendant also contends that the petition fails to state the circumstances of the alleged fraud with the requisite particularity of Code Ann. § 81A-109 (b) and that this defect is another ground for the Rule 60 (b) motion. The contention is without merit. The rule specifically provides that a failure to state a claim is not a sufficient ground for the motion but that "the pleadings must affirmatively show that no claim in fact existed." That is not the case here.

2. While the reasons outlined in Division 1 dispose of this case, we believe it is important to also consider the issue of waiver raised here. Code Ann. § 81A-112 (h) (1) provides that certain defenses, including improper venue, are waived if not made either by motion or responsive pleadings. Defendant contends that his total failure to appear cannot be considered a waiver. We disagree. He had actual notice of the suit and could have appeared for the limited purpose of challenging venue. Allowing a case to go to default judgment is no better than allowing a case to be tried on the merits before coming in with a technical defense. "When the party has received actual notice of the suit there is no due process problem in requiring him to object to the [improper venue] within the period prescribed . . . . His failure to do what the rule says he must do if he is to avoid a waiver might well be taken as being a waiver." 5 Wright & Miller, Federal Practice and Procedure: Civil § 1391, p. 857. *King v. Phillips,* 70 Ga. 409.

Defendant's reliance upon Code § 110-709 is also unfounded: because the issue here is venue and not jurisdiction of the person; and because jurisdiction of the person may also be waived and the resulting

judgment will be conclusive. *King v. Phillips,* supra. See also *Biddinger v. Fletcher,* 224 Ga. 501, 504 (162 SE2d 414); *Standford v. Davidson,* 105 Ga. App. 742, 743 (125 SE2d 720); 9 State Bar Journal 254.

*Judgment affirmed. Clark J., concurs. Evans, J., concurs in the judgment.*

ARGUED JANUARY 5, 1973 — DECIDED FEBRUARY 15, 1973.

*Johnston, Martin & Martin, Howard H. Johnston,* for appellant.

*Burdine & Freeman, Roy H. Freeman,* for appellee.