## 51512. PROCESS SYSTEMS, INC. v. DIXIE PACKAGING COMPANY, INC.

Argued January 14, 1976 — Decided
January 30, 1976.

*Powell, Goldstein, Frazer & Murphy, Harvey D.
Harkness, David R. Aufdenspring,* for appellant.

*Haas, Holland, Levison & Gibert, William R. King,*
for appellee.

Deen, Presiding Judge.

1. No evidence was taken in the New Jersey suit and
there are no jurisdictional statements in the complaint.
Affidavits attached to the record establish that the
procedural aspects of New Jersey's Rule 4:4-4 were
complied with, subdivision (c) (1) providing that "if the
corporation is a foreign corporation, then, *consistent with
due process of law,* service may be made by mailing," etc.
(Emphasis supplied.) Subdivision (3) provides for
personal service outside the state. The New Jersey rule,
which has the force of law, is accordingly limited only by
due process requirements. This jurisdictional issue may
be litigated in Georgia in a suit on the judgment in the
courts of this state, without offending against the full
faith and credit clause of the Federal Constitution.
Western Life Indem. Co. v. Rupp, 235 U. S. 261. The issue
of the jurisdiction of New Jersey over the defendant,

which was neither alleged nor proved in the New Jersey suit culminating in a default judgment, may properly be raised by the defendant in Georgia in a suit on that judgment.

2. Whereas the Georgia Long Arm Statute (Code § 24-113.1 (a)) confers jurisdiction over a foreign corporation as to a cause of action arising from the transaction of "any business" within the state, the New Jersey rule allows personal service outside the jurisdiction in any case limited only by due process of law, or, in the language of the New Jersey Supreme Court in Avdel Corp. v. Mecure, 58 N. J. 264, 268, to the uttermost limits permitted by the United States Constitution, in determining which the rulings of the United States Supreme Court must be determinative. As stated in 20 ALR3d, Anno., pp. 1201, 1209, 1210, § 2 (a): "While a state may choose not to exercise its jurisdiction over nonresidents and foreign corporations to the full extent permissible by the due process clause of the Fourteenth Amendment, it has obviously no power to assert in personam jurisdiction in violation of that clause. The extent to which federal due process limits state jurisdiction over nonresidents and foreign corporations is a question of federal law, governed primarily by the pertinent decisions of the Supreme Court of the United States, and state decisions on that question are not binding upon a federal court." With equal certainty it may be stated that a finding by the New Jersey Supreme Court that a given state of facts meets the applicable federal due process test in a case tried there, while highly persuasive, is not absolutely binding in the courts of this state in another case in such manner as to foreclose us (under full faith and credit considerations) from determining for ourselves whether under applicable federal definitions of due process the facts of this case are such as to give the New Jersey courts jurisdiction over this Georgia defendant.

3. The United States Supreme Court has directly addressed itself on at least three occasions to the number and substantiality of contacts with foreign corporations necessary to satisfy such extraterritorial jurisdiction. All have in a sense evolved from the Pennoyer v. Neff

decision, 95 U. S. 714. The "minimum contacts" test between the defendant and the forum state was held met in International Shoe Co. v. Washington, 326 U. S. 310, where the foreign corporation, engaged in canvassing for orders in the forum state, continuously employed a large force of resident salesmen. In McGee v. International Life Ins. Co., 355 U. S. 220, a plaintiff sued a Texas insurance company in California for nonpayment of a claim, with service as prescribed by California law on nonresident insurance companies. It was held that where the contract was delivered in California (although the company did no business there), premiums were paid from that state, and the insured died there, the insurer was amenable to extraterritorial process. In Hanson v. Denckla, 357 U. S. 235, a Florida suit where jurisdiction was held lacking as to a nonresident trustee, the Supreme Court stated that the prior cases did not herald the demise of *all* restrictions on the personal jurisdiction of state courts, and that the nonresident must have had at least "minimal contacts" within the foreign state. It has not subsequently considered minimal contacts in a due process perspective where the nonresident is a purchaser only.

In the present case Dixie Packaging ordered the materials in the first instance in Georgia from a local manufacturer's representative. Thereafter orders were telephoned or mailed to New Jersey on a fairly regular basis for over two years. The plaintiff had factored its accounts to a firm in New York, to which payments were made. During the operative period, Dixie's president visited the New Jersey plant on three occasions: once to observe operations, once to discuss obtaining some plastics in short supply for its main customer, and again to discuss delinquent accounts. On one of these occasions an agreement was entered into that on future orders payment would be by cash plus 10% to apply against the outstanding bill.

"Minimal contacts" as defined by Denckla, varies with the quality and nature of the defendant's activity, but it is essential "that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws."

Southern Machine Co. v. Mohasco Industries, Inc., 401 F2d 374, summarized the criteria for determining the "outer limits of in personam jurisdiction" as being an action by the defendant in the forum state, a cause of action arising therefrom, and a connection with the forum state substantial enough to render the exercise of jurisdiction reasonable. McGee is a controlling precedent that the criteria are met in the present case unless we take the view, as some courts have done, of placing McGee in a category by itself because it deals with insurance, a subject over which the states have a large public interest. In fact, this distinction was observed by the New Jersey Supreme Court in Webb v. Stanker & Galetto, Inc., 84 N. J. 178 (201 A2d 387) a tort action in which service on a nonresident Delaware corporation was set aside in the New Jersey forum.

Mailing or telephoning orders to another state does not of itself constitute the transaction of any business where, although agents of the foreign corporation visited the Georgia seller's manufacturing plant, no goods were purchased in Georgia and no contracts were executed in Georgia. *O. N. Jonas Co. v. B & P Sales*, 232 Ga. 256 (206 SE2d 437). That the *transacting business* statutes may be narrower than the limits of due process, see 27 ALR3d 397, Anno., Jurisdiction over Nonresident, §§ 2, 5. As to other factors frequently discussed in deciding whether the assertion of extraterritorial jurisdiction meets due process parameters of fair play and substantial justice (such as the relative availability of evidence in one jurisdiction rather than another; ease of access to the alternate forum; substantiality of business activities, etc.) it should be pointed out that the forum here is not contested for lack of convenience, nor is it contended that the cause of action is unrelated to the business contacts of these parties. The cause of action (failure to pay an account) arises entirely from the purchase of goods manufactured in New Jersey, and in part at least because of the failure of the president of the defendant corporation to pay according to a contract modification agreement it entered into in New Jersey with the plaintiff. A conference was also held in New Jersey seeking to work out the availability of materials needed by the defendant

in Georgia. Our question is simply whether these acts, and the substantial orders over an appreciable period of time, make it reasonable to allow New Jersey to exercise the jurisdiction it claims. Courts have held the "minimal contacts" doctrine to be very minimal indeed. For example, in Deveny v. Rheem Mfg. Co., 319 F2d 124, 126, the constitutionality of a Vermont Long Arm Statute was upheld, which in part allowed jurisdiction "if a foreign corporation makes a contract with a resident of Vermont to be performed in whole or in part by either party in Vermont," and (p.127) interpreted McGee v. International Life Ins. Co., 355 U. S. 220, supra, to permit state courts "to reach out-of-state defendants only in suits growing out of acts which have created contacts with the forum state, however limited or transient such contacts may be." In Resin Research Lab. v. Gemini Roller Corp., 105 N. J. Super. 401, the court, without deciding whether the contract had been made in New York or New Jersey, held that where the foreign corporation contacted the resident corporation in its home state and the work was done there, as it would reasonably have been expected to be, the minimal contacts requirement had been met.

We adopt this reasoning in the present case. The New Jersey judgment is, under the facts here, entitled to full faith and credit as against an attack basically contending that it denies due process to the Georgia defendant.

*Judgment reversed. Quillian and Webb, JJ., concur.*