52636, 52637, 52638. ECHOLS v. DYCHES (three cases).

BELL, Chief Judge.

Defendant appeals from the denials of his motions to set aside default judgments entered against him.

As a result of an automobile accident, three separate suits were filed against defendant in the Superior Court of Gwinnett County. The complaint alleged that defendant was a resident of a mobile home park in Gwinnett County, Georgia. The deputy sheriff's return reflected that on November 13, 1973, defendant was served at the given address "by leaving a copy at his residence with his brother-in-law, Martin Hall." Default judgments were entered against the defendant. Thereafter, motions to set aside the judgments were filed alleging that the trial court lacked personal jurisdiction. While defendant stated in his affidavit and testified in his deposition that he was a resident of Franklin County at the time suits were filed and was in Gwinnett County only temporarily, he also admitted that a Mr. Hall, age 40, handed defendant the suit papers on his return to the mobile home he was sharing with Hall. *Held:*

1. The record clearly shows that a copy of the complaint and summons was served pursuant to CPA § 4 (d) (7) (Code Ann. § 81A-104 (d) (7)) by leaving the papers with a responsible adult at the address alleged in the complaint and receipt of the complaint from this adult person was admitted by defendant. CPA § 12 (h) (1) (Code Ann. § 81A-112 (h) (1)) provides that the defenses of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process are waived if not made by motions or responsive pleadings. Defendant had notice of the suit and could have appeared to challenge personal jurisdiction and venue. He elected to do nothing and a waiver resulted. *Aiken v. Bynum,* 128 Ga. App. 212 (196 SE2d 180). No basis has been shown to set aside the judgments under CPA § 60 (d) (Code Ann. § 81A-160 (d)) and the judgments must be affirmed.

2. The motion for damages on the grounds that the appeal is frivolous is denied.

*Judgments affirmed. Clark and Stolz, JJ., concur.*

ARGUED SEPTEMBER 21, 1976 — DECIDED SEPTEMBER 27, 1976 — REHEARING DENIED OCTOBER 26, 1976 —

*Greer & Klosik, Richard G. Greer,* for appellant.
*Smith & Allgood, Douglas E. Smith, Alfred L. Allgood,* for appellees.