## 58262. FRED R. SURFACE & ASSOCIATES, INC. v. WOROZBYT.

BIRDSONG, Judge.

Suit on a foreign judgment. This is the second appearance of this litigation before this court. See *Fred R. Surface & Assoc. v. Worozbyt,* 148 Ga. App. 639 (252 SE2d 67). In the prior appearance, this court returned the case to the trial court for more elaborate findings of fact and conclusions of law. That requirement having been fulfilled successfully, appellant Surface again appeals the judgment of the trial court. The relevant evidence discloses that Fred R. Surface & Assoc. is a printing firm doing business in Richmond, Virginia. Surface printed a voluminous legal brief for Worozbyt, an attorney, for filing in the Federal Circuit Court of Appeals in Richmond. A dispute evolved between Worozbyt and

Surface as to the propriety of the bill submitted by Surface. Surface sued Worozbyt in the City of Richmond General District Court, Civil Division, and obtained a judgment against Worozbyt in the amount of $2,124. Surface then brought the present suit to enforce this foreign state judgment in the State Court of Fulton County. In the complaint Surface alleged the amount of the debt owed by Worozbyt, the fact of the Virginia judgment and included a copy of the Virginia judgment as an enclosure to the pleadings. Worozbyt denied owing the sum alleged and asserted that the judgment was not from a court of record of the State of Virginia, and that the complaint failed to state a cause of action. After hearing, the trial court made findings of fact that Surface appeared by counsel only and that counsel did not present any documentary evidence or evidence through witnesses. Appellee Worozbyt appeared with counsel; Surface's counsel offered argument only and rested. Worozbyt's motion for judgment for failure of proof was granted. Appellant Surface moved for a new trial arguing that the trial court erred in not considering the copy of the Virginia judgment, based upon the assertion that the Virginia judgment was an official part of the records of a case pending before the trial court. The motion for new trial was denied and Surface brings this appeal enumerating two errors. *Held:*

1. Appellee Worozbyt's motion to dismiss the appeal is denied.

2. Surface argues in its first enumeration of error that the trial court erred by ignoring a prima facie case admitted by Worozbyt in his answer. In substance Surface argues that Worozbyt failed to deny the allegations in Surface's complaint that the document attached as Exhibit A to the complaint was an authenticated and true copy of judgment from the State of Virginia. From this assertion, Surface postulates that Worozbyt admitted, by his failure to deny, the authenticity of the Virginia judgment. This "admission" is urged by Surface to constitute, with the remaining portions of the complaint, a prima facie case warranting judgment in Surface's favor. See *Florida Yellow Pine Co. v. Flint River Naval Stores Co.*, 140 Ga. 321 (78 SE 900); *Venable v. Block*, 138

Ga. App. 215, 216 (225 SE2d 755).

We experience difficulty with the premise advanced by Surface. Rather than admitting the judgment or its authenticity, Worozbyt denied he was indebted in the amount alleged or that the alleged judgment was enforceable in a Georgia court for the reason that it was not a judgment from a court of record of the State of Virginia and thus was not entitled to full faith and credit. Thus we view the answer as denying the validity of the document attached to the complaint as being a valid court judgment enforceable in Georgia. These denials placed in issue the judgment and debt. We will not apply the doctrine of admissions urged by Surface in the face of such denials. In the absence of the so-called "admissions," there was no "prima facie" case contained in the pleadings. This enumeration is without merit.

3. In his second enumeration of error, Surface argues that there was sufficient evidence contained in the pleadings to make out a prima facie case of the Virginia judgment and to establish Surface's right to recover. This is but a continuation of the first argument.

As pointed out in Division 1 of this opinion, Surface's complaint together with Worozbyt's answer presented the court with a triable issue. However, Surface would have us apply a set of rules that apply more properly to pretrial proceedings. For instance, we are persuaded that where a party moves for summary judgment or for dismissal for failure of a pleading to state a cause of action, the trial court indeed may look to all documents included in the pleadings as well as other evidentiary documents filed with the court. However, when the court reaches the merits of a case, the burden is on the plaintiff to prove all essential allegations of its case (other than matters admitted which we have held were not involved in this case). This is manifest where the trial is by a jury inasmuch as " ' . . .[a] party's pleadings are not ordinarily evidence in his favor. [Cits.] The pleadings merely present the issues, and, where denied by the opposing party, must be established by aliunde proof.' " *Morris v. City Council of Augusta,* 204 Ga. 26, 32 (48 SE2d 855). Waiver of a jury trial places the trial court in the same position as the jury. *Cunningham v. Schley* 41 Ga. 426, 437; *Minor v. Lillie*

*Rubin,* 84 Ga. App. 112, 114 (65 SE2d 691).

In this case Surface alleged an indebtedness based upon a judgment in the amount of $2,124 plus costs of court. Worozbyt denied the indebtedness of $2,124 plus costs of court, as well as the validity of the judgment. There being no admissions by Worozbyt, it was incumbent upon Surface to prove the case by evidence aliunde the pleadings. See *Little Rock Cooperage Co. v. Hodge,* 112 Ga. 521, 526 (37 SE 743); *Sullivan v. Douglas Gibbons,* 58 Ga. App. 708 (199 SE 554). Surface not having tendered into evidence the Virginia judgment, the ultimate basis of the indebtedness, thus failed to "prove" its case. It follows that the trial court did not err in entering judgment for Worozbyt. This enumeration likewise lacks merit.

*Judgment affirmed. Quillian, P.J., and Smith, J., concur.*

SUBMITTED JULY 10, 1979 — DECIDED OCTOBER 5, 1979.

*Eugene Novy, Penelope W. Rumsey,* for appellant.
*Marvin P. Nodvin,* for appellee.