70301. VAN BUSKIRK et al. v. GREAT AMERICAN BANK OF BROWARD COUNTY.

(332 SE2d 394)

BIRDSONG, Presiding Judge.

The trial court, upon a hearing, domesticated a Florida judgment against Robert Van Buskirk and Darlene Van Buskirk, residents of Fannin County, Georgia, upon two commercial loans in the amounts of $235,359.07 and $110,343.88. The Florida judgment was a default judgment, taken after an attorney filed a notice of appearance in the Florida court on behalf of the Van Buskirks. An affidavit of the bank's attorney states that the Van Buskirks' attorney advised he would not be filing a response to the lawsuit. The lawsuit was filed with jurisdiction obtained under the Florida Long-Arm Statute (Fla. Statutes § 48.193 (a) and (g)). Service was made upon the Van Buskirks by registered mail and by service upon the Florida Secretary of State, who then sent certified copies of the suit to the Van Buskirks in Georgia. The Florida court entered final judgment upon a specific finding that the Florida court had jurisdiction of the parties. The Van Buskirks' answer to the domestication suit denies that the Florida court had personal jurisdiction and contends personal service of process of the Florida suit had not been perfected.

The Georgia court specifically found that the Van Buskirks had knowledge of the lawsuit and retained counsel to represent them, that the Florida court had jurisdiction of the parties, that the issue of jurisdiction was specifically heard in Florida, and that that determination was conclusive and correct.

On appeal, the Van Buskirks contend the trial court erred in domesticating the judgment, in applying Florida law, and in denying a collateral attack, because the bank did not give notice pursuant to

OCGA § 9-11-43 that it intended to rely upon the laws of Florida as to jurisdiction and service. *Held*:

The properly exemplified acts, records and judicial proceedings or copies thereof, shall have the same full faith and credit in every court within this state as they have by law or usage in the courts of the state from which they are taken. OCGA § 24-7-24; *Mid-Ga. Bandag Co. v. Nat. Equip. Rental*, 164 Ga. App. 68 (296 SE2d 391); *Melnick v. Bank of Highwood*, 151 Ga. App. 261 (259 SE2d 667). A collateral attack upon a petition to domesticate a foreign judgment, made on grounds that it was based on a lack of personal jurisdiction, is precluded in this state only if the defendant has appeared in the foreign court and has thus had an opportunity to litigate the issue. *Borg-Warner Health Prods. v. May*, 154 Ga. App. 482, 483 (268 SE2d 770). According to Georgia law, under which this collateral attack is made (see *Ramseur v. American Mgt. Assn.*, 155 Ga. App. 340, 341 (270 SE2d 880)), the defenses of lack of jurisdiction and insufficiency of process are waived where the defendant has notice of the suit and could have appeared to challenge personal jurisdiction, but elects to do nothing and suffers a default judgment. *Echols v. Dyches*, 140 Ga. App. 191 (230 SE2d 315). The defendants in this case did formally appear by attorney in the Florida court but did not challenge personal jurisdiction and service of process. Appellants had actual notice of the suit and could have appeared for the limited purpose of challenging jurisdiction and service. "Allowing a case to go to default judgment is no better than allowing a case to be tried on the merits before coming in with a technical defense." *Aiken v. Bynum*, 128 Ga. App. 212, 213 (196 SE2d 180).

Furthermore, the issue of jurisdiction may be raised in a Georgia suit to domesticate "[w]here jurisdiction is neither alleged nor proved in a default foreign judgment" (*Ramseur*, supra, pp. 341-342; *Process Systems v. Dixie Pkg. Co.*, 137 Ga. App. 452 (224 SE2d 103)). In this case jurisdiction was proved as the Florida court specifically held. "[W]here the question of jurisdiction is raised in the foreign court and decided adversely to a party, he may not collaterally attack this determination." *Intl. Systems v. Bladen County*, 168 Ga. App. 316, 317 (308 SE2d 679). Where jurisdictional issues are raised and decided against a litigant in a foreign court, the foreign judgment is given full faith and credit not only as to the merits of the suit but also as to the finding of jursidiction. *Gordon v. Gordon*, 237 Ga. 171 (227 SE2d 53). This rule applies in the case of default judgments as well, where the issue of jurisdiction was or could have been adjudicated. *Crosby v. Wenzoski*, 164 Ga. App. 266, 270-272 (296 SE2d 162).

The appellants Van Buskirk had notice of the suit and made a formal appearance in the Florida court; they did not challenge jurisdiction or service of process but allowed a default judgment to be en-

tered against them. The Florida court, upon entering final judgment after default, specifically found it had jurisdiction of the parties. Under these circumstances, the decree of the Florida court is entitled to full faith and credit, even without the notice by the bank that it intended to rely on Florida law in domesticating its judgment.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED JUNE 11, 1985.

*Claude S. Beck*, for appellants.
*J. Carey Hill*, for appellee.