A89A1772. ATLANTIC NATIONAL BANK OF FLORIDA
v. CHANCE et al.
(391 SE2d 677)

McMURRAY, Presiding Judge.

Plaintiff brought suit against defendants in the Superior Court of Camden County, Georgia, to domesticate a Florida judgment. Defendants answered the complaint and denied liability, asserting, inter alia, the Florida court which rendered the judgment lacked in personam jurisdiction.

Plaintiff moved for summary judgment. In support thereof, plaintiff filed authenticated copies of (1) a Florida judgment which plaintiff obtained against defendants on October 12, 1982; (2) an order entering a default against defendants in the Florida action; (3) an affidavit of return of service demonstrating that service of the Florida action was made upon defendants by the Camden County sheriff's office; and (4) a summons requiring defendants to answer the Florida action. The Florida judgment recites that copies of the judgment were furnished to defendants at a Waverly, Georgia address.

The trial court denied plaintiff's motion for summary judgment and certified its ruling for immediate review. We granted plaintiff's application for an interlocutory appeal. *Held:*

In *Toledo Center &c. Covering v. Richfield Carpet Mills,* 176 Ga. App. 400 (336 SE2d 320), we stated: " ' In a suit in this State upon a cause of action arising out of a judgment rendered in a sister State, it is not necessary to allege or prove an authenticated copy of the record of the entire proceedings, but a prima facie case is made by alleging and proving a properly authenticated copy of the judgment itself. (Cits.)' *Heakes v. Heakes,* 157 Ga. 863 (2) (122 SE 777) (1924). Thus, appellant in the instant case was authorized but not required to introduce the entire record of the proceeding in the Louisiana court. With specific regard to the existence of jurisdiction, our Supreme Court has also held: 'Where the lack of jurisdiction in the court of another State does *not* appear on the face of the record (of the foreign proceedings) . . . , the jurisdiction of such foreign court *will be presumed* by the courts of this State. (Cits.)' (Emphasis supplied.) *Heakes v. Heakes,* supra at 863 (3). Compare *Allied Fin. Co. v. Prosser,* 103 Ga. App. 538

(119 SE2d 813) (1961) (lack of jurisdiction appearing on face of the foreign record introduced by the judgment creditor). As a general proposition, the cases thus hold that where a properly authenticated copy of a foreign judgment or record is introduced and the lack of jurisdiction does not appear on its face, the plaintiff has made out a prima facie case which the defendant must then rebut or suffer the entry of a domestication judgment against him. *Minor v. Lillie Rubin, Inc.*, 84 Ga. App. 112 (65 SE2d 691) (1951). See also *Sullivan v. Douglas Gibbons, Inc.*, 58 Ga. App. 708 (199 SE 554) (1938), aff'd 187 Ga. 764 (2 SE2d 89) (1939).

"The cases recognize but one exception to this general rule. That exception exists when, on the face of such evidence as is introduced by the judgment creditor, it appears that the foreign judgment was entered against a nonresident of the forum state. '(W)here a judgment has been entered every presumption in favor of its validity must be indulged. This, of course, includes the inference that the court in which the judgment was entered had jurisdictional authority necessary for the purpose. However, the rule is not applicable in (every) case. "In suing on a judgment of a court of another state, if the declaration, petition, or complaint shows that the court rendering it was a court of record or court of general jurisdiction, it is not necessary to aver in terms that the court had jurisdiction of the parties or the subject matter, or to set out the facts conferring jurisdiction, as this will be presumed until disproved. (But) the rule has been held otherwise, however, where the record (in the foreign case) *shows that the judgment was against a nonresident.*" (Cits.)' (Emphasis supplied.) *Hartsog v. Robinson*, 115 Ga. App. 824, 826-827 (156 SE2d 141) (1967). See also *Lurey v. Jos. S. Cohen &c. Co.*, 86 Ga. App. 356 (71 SE2d 689) (1952)." *Toledo Center &c. Covering v. Richfield Carpet Mills*, 176 Ga. App. 400 (1), 401, 402, supra.

In the case sub judice, the lack of jurisdiction does not appear on the face of the record of the Florida proceedings. The Florida record presents, however, at the very least, a question of fact as to whether the judgment was entered against nonresidents of the State of Florida. After all, defendants were served with process in Camden County, Georgia and the Florida judgment recites that copies of the judgment were sent to defendants in Waverly, Georgia.

"The burden is always on the movant for summary judgment, even as to such issues as the non-moving party might have the burden of proof at trial. *Price v. B-Line Systems*, 129 Ga. App. 34 (198 SE2d 328) (1973). It necessarily follows that when a collateral attack is raised as a defense in an action for domestication of a foreign judgment, the plaintiff-judgment creditor, in order to meet his burden as a successful movant for summary judgment, would be required to negate this defense. The mere production of evidence of the entry of a

*default* judgment, which evidence *also* shows on its face that it was entered against a *nonresident,* would not meet the movant's burden. Such evidence would not negate the defendant's underlying right to pursue a collateral attack. A foreign judgment may be collaterally attacked for lack of jurisdiction whenever the defendant did not contest that issue in the foreign court, which circumstance would necessarily exist in the case of a default judgment. See *Ramsey Winch Co. v. Trust Co. Bank,* 153 Ga. App. 500, 501 (1) (265 SE2d 848) (1980)." *Toledo Center &c. Covering v. Richfield Carpet Mills,* 176 Ga. App. 400, 403, supra. Inasmuch as defendants in the case sub judice did not contest personal jurisdiction in the Florida court (judgment having been entered against them by default), it appears that they may collaterally attack the Florida judgment. *Toledo Center &c. Covering v. Richfield Carpet Mills,* supra. Compare *Van Buskirk v. Great American Bank of Broward County,* 175 Ga. App. 101 (332 SE2d 394), in which the Florida court, upon entering final judgment after default, specifically found it had jurisdiction of the parties.

*Judgment affirmed. Carley, C. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

1. The record shows without dispute that defendants in the Florida action had personal service of the suit yet failed to respond as summoned. The defendants cannot lie in wait and allow their opponents to obtain a judgment and then challenge the original jurisdiction when the judgment creditor seeks to domesticate the judgment, when the defendants have had a full and fair opportunity to contest jurisdiction in the first suit. By not denying jurisdiction when it is properly alleged, they admit. As reasoned in the analogous case of *Aiken v. Bynum,* 128 Ga. App. 212, 213 (2) (196 SE2d 180) (1973), [physical precedent but cited without reservation in *Van Buskirk v. Great American Bank,* 175 Ga. App. 101, 102 (332 SE2d 394) (1985), "[They] had actual notice of the suit and could have appeared for the limited purpose of challenging [jurisdiction]. 'Allowing a case to go to default judgment is not better than allowing a case to be tried on the merits before coming in with a technical defense.' " The same principle is applied in *Van Buskirk,* supra at 102. It also reiterated: "According to Georgia law, . . . the defenses of lack of jurisdiction and insufficiency of process are waived where the defendant has notice of the suit and could have appeared to challenge personal jurisdiction, but elects to do nothing and suffers a default judgment. *Echols v. Dyches,* 140 Ga. App. 191 (230 SE2d 315)." *Green Acres Discount v. Freid & Appell,* 135 Ga. App. 816, 817 (219 SE2d 39) (1975), states the rule succinctly: "When a party is personally served he is subject to the in personam jurisdiction of the courts of a foreign state and

cannot collaterally attack a judgment of such court. *Drake v. Drake*, 187 Ga. 423 (5) (1 SE2d 573)." Accord *Tandy Computer Leasing v. Bennett's Svc. Co.*, 188 Ga. App. 594, 595 (373 SE2d 647) (1988).

It appears, however, that something more is needed. The record must show that the matter of jurisdiction was at least alleged and proved in the foreign judgment case or that the court made such a finding; where this is not done, " 'the issue may be raised in Georgia in defense of an action on the judgment in a Georgia court.' (*Berry [v. Jeff Hunt Machinery Co.*, 148 Ga. App. 35 (250 SE2d 813)]; *Process Systems v. Dixie Pkg. Co.*, 137 Ga. App. 452 (224 SE2d 103))." *Ramseur v. American Mgmt. Assn.*, 155 Ga. App. 340, 341 (2) (270 SE2d 880) (1980).

The Florida petition is not in the record, so the trial court could not know what it alleged, if anything, regarding jurisdiction, and consequently what facts in this regard, if any, defendants admitted by failing to respond. Also, since the deputy sheriff's return of service states only that "a copy of the within petition" was served on defendants, the court could not know whether they also received the summons.

2. In the Georgia domestication action, the plaintiff creditor filed a request for admission of fact and authenticity of documents on July 21, having served it on July 19. Defendants did not reply to the same within 30 days as required by OCGA § 9-11-36 (a) (2) but instead, after the time had past, sought an extension which has not been ruled on. Even if these requests should be considered as admissions, see *National Bank of Ga. v. Merritt*, 130 Ga. App. 85, 86 (1) (202 SE2d 193) (1973), there is no request for admission of the Florida court's jurisdiction over the defendants in the Florida suit.

DECIDED FEBRUARY 23, 1990.

*Eleanor R. Dotson,* for appellant.
*J. Robert Morgan,* for appellees.