A92A0343. PIZZA HUT DELIVERY et al v. BLACKWELL.
(418 SE2d 639)

CARLEY, Presiding Judge.

Appellee-employee was hired to deliver pizzas for appellant-employer. After suffering a work-related injury, appellee sought workers' compensation benefits. The award of the Administrative Law Judge was based upon a determination that appellee's average weekly wage was $140, excluding tips. After its de novo review, the Full Board made an award based upon a determination that appellee's average weekly wage was $350, including tips. On appeal to the superior court, the award of the Full Board was affirmed. Appellant applied to this court for a discretionary appeal, urging that the inclusion of tips in the determination of appellee's average weekly wage was erroneous. The instant appeal results from the grant of appellant's application.

"Average weekly wages" under OCGA § 34-9-260 has long been interpreted to include an employee's tips. *Employers Commercial Union Ins. Co. v. Bryant*, 130 Ga. App. 596, 597 (2) (203 SE2d 896) (1974). Appellant relies, however, on Rule 260 (a) of the Board, which provides: "Computation of wages shall include, in addition to salary, hourly pay, or tips, the reasonable value . . . of *other benefits furnished by the employer without charge to the employee which are listed as earned income on [the] employee's Federal Form W-2 for federal income tax purposes*." (Emphasis supplied.) Since appellee's tips were not listed on his W-2 form, appellant urges that appellee's tips cannot be included in the calculation of his average weekly wages.

Initially, we point out that the wording of Rule 260 (a) is essentially irrelevant. "Average weekly wages" under OCGA § 34-9-260 has been judicially interpreted to include an employee's tips and no rule promulgated by the Board can change that interpretation or qualify it by imposing a limitation that tips must be listed on an employee's W-2 form in order to be includable as a component of "average weekly wages." *Holt Svc. Co. v. Modlin*, 163 Ga. App. 283, 284-285 (293 SE2d 741) (1982).

Moreover, it is clear that the above-emphasized language of Rule 260 (a) does not include "tips." "Tips" is not only a separately enumerated component of an employee's wages, it is not a benefit "fur-

nished by the employer without charge to the employee. . . ." It is a gratuity furnished to the employee by the employer's customers. Compare *Atlanta Journal & Constitution v. Sims*, 200 Ga. App. 236 (407 SE2d 464) (1991). As properly construed, Rule 260 (a) mandates only that certain employee *benefits* be included with other components, such as tips, when determining the employee's "average weekly wage."

Even if "tips" were included in the above-emphasized language of Rule 260 (a), it is otherwise clear that appellant has no grounds for complaint. "[W]e will interpret the term 'earned income on [the] employee's Federal Form W-2' as used in Rule 260 (a) . . . to encompass all payments or noncash benefits *required to be reported on the employee's W-2 form as income earned by the employee* because they constitute real economic gain to the employee and thus are part of the employee's 'wage' within the meaning of OCGA § 34-9-260." (Emphasis supplied.) *Atlanta Journal & Constitution v. Sims*, supra at 238. It is required that "tips" be reported on the W-2 form that appellant provides to its employees and, if appellant did not list appellee's tips on his W-2 form, that would certainly not estop appellee from having his tips included in the computation of his "average weekly wages." The failure to list appellee's tips on his W-2 form is attributable to appellant and not to appellee. Any failure to pay income tax on unreported tips is a matter for resolution between appellee and the state and federal governments.

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED APRIL 30, 1992.

*Swift, Currie, McGhee & Hiers, Robert B. Peery*, for appellants.
*Morgan & Silver, Kent E. Silver*, for appellee.