A99A1792. GROOVER v. JOHNSON CONTROLS WORLD SERVICE.
(527 SE2d 639)

BARNES, Judge.

We granted Seymour J. Groover's application for discretionary review of the superior court's order affirming an award of the State Board of Workers' Compensation ("Board"). Both the court and the Board refused to embrace Groover's interpretation of Board Rule 260 that would include health insurance payments by the employer when determining an employee's average weekly wage. For the reasons that follow, we affirm.

Groover suffered a compensable injury in February 1994 while

---

employed by Johnson Controls World Service ("Johnson Controls"). During the 13 weeks immediately preceding his injury, Groover received a $361.60 per week salary, and his benefits were calculated from this amount. Groover requested a hearing, contending that his average weekly wage should include the $30 shoe allowance he received and the value of Johnson Controls' contribution to his health insurance benefits. Johnson Controls and Groover paid $80.77 and $12.50 respectively toward the cost of Groover's health benefits package. The administrative law judge ("ALJ") applied Board Rule 260 (a) as it existed on the date of the accident.[1] Rule 260 (a) formerly provided:

> [c]omputation of wages shall include, in addition to salary, hourly pay, or tips, the reasonable value of food, housing, and other benefits furnished by the employer *without charge to the employee which are listed as earned income on employee's Federal Form W-2 for federal income tax purposes.*

(Emphasis supplied.) Relying upon *Atlanta Journal &c. v. Sims*, 200 Ga. App. 236 (407 SE2d 464) (1991), the ALJ determined that the shoe allowance and the employer's payment of part of the health care premiums should have been included in the computation of Groover's average weekly wage base. Finding that the shoe allowance and insurance benefits were "real economic gain[s]" to the employee, the ALJ recomputed Groover's workers' compensation benefits to include the value of those benefits.

Subsequently, the Board reversed part of the award. The Board affirmed the inclusion of the $30 shoe stipend but rejected the inclusion of Johnson Controls' contributions toward Groover's health plan. The Board concluded that "the employer's contributions toward the claimant's health plan do not constitute a 'net economic gain' as contemplated by *Atlanta Journal & Constitution v. Sims*, [supra]." The superior court found a substantial difference exists between non-cash fringe benefits such as group health and life insurance and cash payments such as tips and excess mileage reimbursements because the former "do not result in the receipt of funds which can be spent by the recipient." The superior court affirmed the Board's decision, finding no legal basis for expanding the statutory definition of "average

---

[1] Board Rule 260 (a) currently provides:
[c]omputation of wages shall include, in addition to salary, hourly pay, or tips, the reasonable value of food, housing, and other benefits furnished by the employer without charge to the employee which constitute a financial benefit to the employee and are capable of pecuniary calculation.

weekly wage." Groover then brought this appeal.

In his sole assertion of error, Groover contends the trial court erred in affirming the award because it was based upon an erroneous legal theory. Groover claims that the term "wages" under OCGA § 34-9-260 means any payment made by an employer to an employee for his services which constitutes a net economic benefit to the employee. Groover argues that because he received a net economic gain of $80.77 from the employer's contribution to his medical benefits, that amount should be included in determining his average weekly wage.

By law, the "average weekly wages of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation." OCGA § 34-9-260. Groover contends that Johnson Controls' payment of the insurance premium constituted a financial benefit which should have been included in his average weekly wage, notwithstanding the fact that none of Johnson Controls' contributions to Groover's health insurance premium was listed on his W-2 tax form. See *Pizza Hut Delivery v. Blackwell*, 204 Ga. App. 112 (418 SE2d 639) (1992).

Groover has not offered and we have found no reported Georgia judicial decision so broadly construing the OCGA § 34-9-260 definition of "average weekly wage" to encompass an employer's direct payment to an insurance provider for employee health benefits. Further, a majority of the states that have considered this question have concluded that fringe benefits should not be included in computing an employee's average weekly wage. See Kissiah, Ga. Workers' Compensation Law (1997), § 13-4 (e), pp. 382-383; 5 Larson, The Law of Workmen's Compensation, § 60.12 (b) (1996).

Although the wording of a Board Rule has significance, such language cannot be used to supersede or replace express statutory language to the contrary. See *Blackwell*, supra, 204 Ga. App. at 112: "[N]o rule promulgated by the Board can change [the judicial] interpretation [of a statute]." Id. In other words, the Board cannot establish rules that subvert express statutory language or that contradict judicial decisions interpreting the statutory language. In *Blackwell*, we refused to apply this version of Rule 260 which restricted the basic wage calculation to include only such "other benefits" furnished by the employer to the employee which were listed as income on the employee's W-2 form for federal tax purposes because the rule was not consistent with prior judicial decisions.

Here, however, there simply is no legal basis for expanding the statutory term "average weekly wage" to encompass fringe benefits such as an employer's payment of insurance premiums. Further, even if the current version of Rule 260 were applicable, the result would not change because it is OCGA § 34-9-260, not Rule 260, which must control. Had the legislature desired to enlarge the statutory

definition of "average weekly wage," it could have done so. See *Warden v. Hoar Constr. Co.*, 269 Ga. 715, 717 (2) (507 SE2d 428) (1998). Nor can we rewrite a statute under the guise of interpreting it. *Cooper v. Edwards*, 235 Ga. App. 48, 50 (508 SE2d 708) (1998). A change of this magnitude must be made by the legislature, not by judicial fiat or by agency rule-making. *Roberson v. Tanner*, 174 Ga. App. 128, 130 (329 SE2d 210) (1985); see also *Smith v. Employers' Fire Ins. Co.*, 255 Ga. 596, 597 (340 SE2d 606) (1986) (the legislature is charged with knowledge of judicial interpretation of statutes).

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 12, 2000.

*Phillip M. Eddings*, for appellant.
*Lee, Black, Scheer & Hart, R. Jonathan Hart, John D. Lange*, for appellee.