## A01A0846. HARRISON v. THURMOND et al.

(556 SE2d 490)

POPE, Presiding Judge.

Veronica Harrison appeals the superior court's order affirming the Department of Labor's[1] denial of her unemployment compensation benefits. She contends that under the authority of *Caldwell v. Hosp. Auth. of Charlton County,* 248 Ga. 887 (287 SE2d 15) (1982), she is entitled to receive those benefits. We agree and reverse.

The undisputed facts are that, effective October 13, 1999, Harrison quit her employment with Intellisource, Inc. to take a better job with Fletcher Martin Associates. Three weeks later she was involuntarily terminated from her new position. The Department held that her separation from Intellisource was the pertinent one for purposes of determining eligibility for benefits, and neither party objected to that holding. But Harrison did appeal the Department's further determination that she was not entitled to benefits with respect to that separation because her reason for quitting was "personal."

In support of that determination, the court below relied — and the Department now relies — upon the Department's Rule 300-2-9-.05. That rule states in pertinent part: "An employee who voluntarily

---

[1] Hereinafter "Department." Michael L. Thurmond, as Commissioner of Labor of Georgia, is one of the appellees here, the other being the original employer. "Department" will refer to both appellees collectively.

quits is to be disqualified unless he/she can show that the employer had changed the terms and conditions of work in a manner that the employee, applying the judgment of a reasonable person, would not be expected to continue that employment." Ga. Comp. R. & Regs. r. 300-2-9-.05. But Harrison contends that that rule conflicts with our Supreme Court's decision in *Caldwell*, which was decided in 1982, years prior to promulgation of the rule.

In *Caldwell*, as here, the claimant quit her employment to take a better job, from which she was terminated after a brief period. In that instance, however, the Department determined that the claimant was *eligible* for benefits with respect to the original separation. The superior court reversed, holding that the finding of eligibility denied the original employer substantive due process because there was no fault on its part. Our Supreme Court, in turn, reversed the superior court, noting that "[c]ompulsory contributions for employment security . . . are payable without regard to fault." 248 Ga. at 890 (2). It further noted that the determination in favor of eligibility, under the facts of the case, "bears a substantial relationship to the purpose of the Employment Security Law." Id. The Court stated that the law was designed to provide benefits to involuntarily terminated employees even if their work history includes a position that the employee left voluntarily:

> the purpose of the Employment Security Law is to spread and lighten the burden of unemployment by allowing involuntarily unemployed workers to collect benefits based on their work history, *even though that work history may encompass a period of employment which the employee voluntarily terminated. . . .* [D]isqualification . . . would have the significant disadvantage of discouraging employees from seeking better opportunities, as the employee apparently did here.

(Emphasis supplied.) Id.

Thus, Rule 300-2-9-.05 as applied in this case conflicts with the holding in *Caldwell*. And this Court has previously held that a state department or agency is without authority to promulgate a rule that conflicts with a prior judicial interpretation of state law. In *Pizza Hut Delivery v. Blackwell*, 204 Ga. App. 112 (418 SE2d 639) (1992), a workers' compensation case, the employer's position on appeal, relying on a State Board of Workers' Compensation rule, was that tips should not have been included in determining the employee's average weekly wage. But this Court stated that the rule was irrelevant

where the definition of "average weekly wage" had been judicially interpreted to include tips:

> [T]he wording of Rule 260 (a) is essentially irrelevant. "Average weekly wages" under OCGA § 34-9-260 *has been judicially interpreted* to include an employee's tips and *no rule promulgated by the Board can change that interpretation* or qualify it by imposing a limitation that tips must be listed on an employee's W-2 form in order to be includable as a component of "average weekly wages."

(Citation omitted; emphasis supplied.) Id. See also *Groover v. Johnson Controls World Svc.*, 241 Ga. App. 791, 793 (527 SE2d 639) (2000) ("[T]he Board cannot establish rules . . . that contradict judicial decisions interpreting the statutory language.").

In *Caldwell*, under facts substantially identical to those here, our Supreme Court interpreted the Employment Security Law of this state as allowing an employee who left one job to seek a better job opportunity to collect unemployment benefits when the second job terminated through no fault of the employee. 248 Ga. at 890. Therefore, Harrison cannot be denied her benefits simply because she left her job at Intellisource to seek a better position. Accordingly, we find that the Department's Rule 300-2-9-.05 is invalid to the extent that it conflicts with *Caldwell*. Compare *Young v. State*, 212 Ga. App. 572 (442 SE2d 768) (1994) (rule applied to disqualify employee from getting benefits where she gave conflicting reasons for quitting her job).

*Judgment reversed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED NOVEMBER 13, 2001.

*Elliott Schwalb, Anne B. Carder, Deborah A. Johnson*, for appellant.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, Susan L. Rutherford, Senior Assistant Attorney General, Kimberly B. Lewis, Assistant Attorney General*, for appellees.