S12G1470. GEORGIA INSURERS INSOLVENCY POOL v. HULSEY ENVIRONMENTAL SERVICES, INC. et al.
(748 SE2d 380)

THOMPSON, Chief Justice.

The Georgia Insurers Insolvency Pool ("GIIP") is a creature of the legislature designed to pay the covered claim of an insolvent insurance company for the protection and benefit of the company's named insured. OCGA § 33-36-1 et seq. See also *Reimbursement Consul-*

*tants v. Georgia Insurers Insolvency Pool*, 207 Ga. App. 230 (427 SE2d 519) (1993) (remedial legislative intent of GIIP is to provide source of recovery for covered claim of policyholder if insurer becomes insolvent). GIIP is supervised by the Insurance Commissioner, OCGA § 33-36-2, who selects a board of trustees known as the Insurers Solvency Board. OCGA § 33-36-4. GIIP is composed of member insurance companies, OCGA § 33-36-5, which fund GIIP by paying assessments in proportion to their "net direct written premiums in this state." OCGA § 33-36-7 (b).

The Southeastern United States Insurance Company ("SEUS") became a member of GIIP on June 23, 2006, when it was converted from a captive issuer to a standard issuer. Claims against SEUS made on or after June 23, 2006, were covered by GIIP. However, SEUS insureds whose claims predated June 23, 2006, were not covered by GIIP, and those insureds faced exposure when SEUS was liquidated on October 27, 2009. The following year, effective June 4, 2010, the legislature enacted OCGA § 33-36-20 to expand GIIP's "covered claims" to include certain insureds who obtained insurance from a captive issuer that later became insolvent. The effect of the 2010 amendment was to retroactively cover the previously excluded claims of SEUS insureds.

Claiming the extension of coverage would decrease GIIP's reserves and increase the assessments levied on member insurance companies, GIIP brought a declaratory judgment action against two insureds that purchased workers' compensation insurance from SEUS seeking a declaration that the 2010 amendment is unconstitutional. The defendants, whose claims would be covered only because of the 2010 amendment, filed a motion to dismiss, asserting GIIP lacked standing to bring suit. The trial court granted the motion, and the Court of Appeals affirmed in an unreported opinion. *Georgia Insurers Insolvency Pool v. Hulsey Environmental Svcs.*, 315 Ga. App. XXV (Case No. A12A0457) (decided April 12, 2012). We granted a writ of certiorari to determine whether the GIIP can bring this constitutional challenge.

A public entity created by the legislature generally cannot bring constitutional challenges to legislative acts. See *City of Atlanta v. Spence*, 242 Ga. 194, 195 (249 SE2d 554) (1978) ("A county or municipal corporation, created by the legislature, does not have standing to invoke the equal protection and due process clauses of the State or Federal Constitution in opposition to the will of its creator."); *V.C. Ellington Co. v. City of Macon*, 177 Ga. 541, 544 (170 SE 813) (1933) (entity created by legislature cannot oppose legislature's will). We have recognized an exception to this rule when the legislature explicitly endows a public entity with power "possessed by private corporations performing similar functions." *Caldwell v. Hospital*

*Auth. of Charlton County,* 248 Ga. 887, 888 (287 SE2d 15) (1982). See also *Jekyll Island-State Park Auth. v. Jekyll Island Citizens Assn.,* 266 Ga. 152 (464 SE2d 808) (1996); *Harrison v. Thurmond,* 252 Ga. App. 402, 403 (556 SE2d 490) (2001).

In this case, the legislature gave GIIP the power to sue and be sued. OCGA § 33-36-6 (a). However, the legislature did not give GIIP the broad powers "possessed by private corporations." *Caldwell v. Hospital Auth. of Charlton County,* supra. On the contrary, the power to sue and be sued was given only to enable GIIP to bring and defend legal actions pertaining to its statutory functions and duties. See generally OCGA §§ 33-36-2, 33-36-3. GIIP was not given the power to challenge its own enabling legislation or amendments to it. Nor was it given the power to question the wisdom of statutes designed to accomplish its remedial purpose. It follows that GIIP does not have standing to challenge the 2010 amendment on constitutional grounds.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 2013.

*Gorby, Peters & Associates, Michael J. Gorby, Mary D. Peters, Tony C. Jones, Amy C. Meyer Burns, Locke Lord, Thomas W. Jenkins, Julie L. Young,* for appellant.

*Krevolin & Horst, Jeffrey D. Horst, Barbara H. Gallo, Christopher E. Adams,* for appellees.

*Summerville Moore, James D. Summerville, Marvin L. Price, C. Jeffrey Kaufman, Sidney L. Moore III,* amici curiae.