**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**October 31, 2013**

# In the Court of Appeals of Georgia

A13A1409. REECE v. GEORGIA INSURERS INSOLVENCY POOL.

BOGGS, Judge.

Hugh Reece appeals from a judgment declaring that he was not an "emergency claimant" entitled to worker's compensation benefits from the Georgia Insurers Insolvency Pool ("Insolvency Pool") under OCGA § 33-36-20 (b) (3). He contends: (1) that the trial court improperly resolved questions of fact in allegedly ruling on a motion for summary judgment; and (2) that the undisputed evidence showed that his former employer was "insolvent pursuant to OCGA § 33-36-20 (b) (3)." For the reasons explained below, we affirm.

In 2010, the General Assembly amended the "Georgia Insurers Insolvency Pool Act," OCGA § 33-36-1 et seq., with the following stated intent:

It is the policy of this state to protect insureds and their claimants from liability as a result of the insolvency of insurers. In furtherance of this policy, it is the intent of the legislature, notwithstanding any provision of law to the contrary, that the Georgia Insurers Insolvency Pool shall be liable to claimants and electing insureds in emergency circumstances.

OCGA § 33-36-20 (a). The amendment includes the following relevant definitions:

"Emergency circumstance" means a circumstance in which an association or industrial insured captive insurance company, including such a captive company that subsequently was authorized to transact business pursuant to Chapter 3 of this title, that is issuing, or which has issued, workers' compensation insurance contracts and has been declared insolvent.

"Emergency claimant" means any third-party claimant, under a workers' compensation insurance policy, who is impacted by an emergency circumstance and whose employer has, by a court of competent jurisdiction, been declared bankrupt or insolvent.

OCGA § 33-36-20 (b) (2) and (3).

Reece, the claimant here, was employed by Tri-County Ambulance LLC ("Tri-County") when he was injured on March 20, 2006. Southeastern U. S. Insurance Company ("Southeastern") provided worker's compensation benefits to Reece for his injury, but Southeastern was liquidated on October 27, 2009.

2

Following the 2010 amendment of the Act, Reece sought benefits from the Insolvency Pool as an "emergency claimant" under OCGA § 33-36-20 (b) (3).[1] The Insolvency Pool subsequently filed a declaratory judgment action in the Superior Court of DeKalb County[2] against Reece and Tri-County based upon its "uncertainty as to the circumstances under which a Georgia Court can declare an entity bankrupt or insolvent within the meaning of OCGA § 33-36-20 (b) (3) and uncertainty as to what showing must be made by a claimant to qualify as an 'emergency claimant' under this provision." It is undisputed that, at the time the Insolvency Pool filed its action, no court had declared Tri-County bankrupt or insolvent. Tri-County did not file an answer to the complaint.

---

[1] As the Georgia Supreme Court recently summarized: "Southeastern . . . became a member of [the Insolvency Pool] on June 23, 2006, when it was converted from a captive insurer to a standard insurer. Claims against [Southeastern] made on or after June 23, 2006, were covered by [the Insolvency Pool]. However, [Southeastern] insureds whose claims predated June 23, 2006, were not covered by [the Insolvency Pool], and those insureds faced exposure when [Southeastern] was liquidated . . . The effect of the 2010 amendment was to retroactively cover the previously excluded claims of [Southeastern] insureds." *Georgia Insurers Insolvency Pool v. Hulsey Environmental Svcs.*, Ga. (September 9, 2013).

[2] OCGA § 33-36-6 (g) provides: "Exclusive venue in any action by or against the pool is in the Superior Court of DeKalb County. The pool may, at the option of the pool, waive such venue as to specific actions."

In his answer, Reece admitted all of the allegations in the Insolvency Pool's complaint, asserted a cross-claim against Tri-County, and prayed for the "[c]ourt to determine the insolvency of Respondent Tri-County Ambulance." Reece alleged that "Tri-County Ambulance is subject to the jurisdiction of this Court by virtue of the allegations contained in the Complaint for Declaratory Judgment filed by the Georgia Insurers Insolvency Pool."[3] Pursuant to OCGA § 9-11-12 (a), the allegations against Tri-County in the cross-claim "automatically stand denied."

Reece subsequently moved for summary judgment in his favor and asked the superior court to declare Tri-County insolvent within the meaning of OCGA § 33-36-20 (b) (3). The Insolvency Pool filed a cross-motion for summary judgment requesting the court to find "that until a court of competent jurisdiction declares Tri-County insolvent or bankrupt, Respondent Reese may not be considered an emergency claimant, and therefore, the Pool would have no obligation with respect to his outstanding workers' compensation claim." The record includes an affidavit from the owner of Tri-County, Jackie Ellington, in which he averred that he sold Tri-County to Southland Health Services of Georgia on March 23, 2007, that Tri-County

---

[3] Reece mailed a copy of the cross-claim to the principal of Tri-County, and the principal of Tri-County was served with a copy of the Insolvency Pool's complaint and summons.

4

was administratively dissolved, and that Southland Health Services "defaulted on its loans because it did not have the means or property sufficient to pay its debts."

Following a hearing that has not been transcribed for our review, the trial court denied both pending motions for summary judgment. It concluded "that an evidentiary hearing regarding whether Tri-County Ambulance is insolvent is required. Therefore there are genuine issues of material fact that exist for a jury to determine in this case." Two months later, it issued an order scheduling "an evidentiary hearing."

At the beginning of the evidentiary hearing, Reece's counsel stated, "We're here today to ask the court, based on Mr. Ellington's testimony, to find that Tri-County Ambulance is insolvent and to declare Tri-County Ambulance insolvent for the purpose of Code Section 33 . . . and name Mr. Reece an emergency claimant." Reece made no objection at any time during the hearing to the trial court, as opposed to a jury, making an evidentiary finding on the issue of insolvency.

During the hearing, Ellington testified that he was the sole member of Tri-County, LLC, that Tri-County was located in Ellijay, Georgia, that Reece was injured in automobile accident while traveling between Chattanooga, Tennessee and Dalton, Georgia, that Tri-County's worker's compensation carrier paid benefits to Reece after

the accident, that he sold Tri-County to Southland Health Services of Georgia in 2007 for $540,000, that the sale included the transfer of 12-14 vehicles owned by Tri-County, that he received only $140,000 from the sale because the purchaser was "closed down by the Internal Revenue Service" eight months later, that he never instituted legal proceedings to collect the debt owed by the buyer, that he entered into a non-compete agreement with the buyer, that the $140,000 from the sale was used to pay existing debt of Tri-County, that Tri-County was administratively dissolved in 2010, that Tri-County had no assets with which to pay worker's compensation benefits to Reece, and that he started an automotive service center business after he sold Tri-County. No documents, such as the contract of sale, bank statements, bills, cancelled checks, or accounting records were admitted into evidence during or after the evidentiary hearing.

At the conclusion of the evidentiary hearing, the trial court noted that the asset purchase agreement was not provided for its review,[4] that there was no testimony that

---

[4] "Generally, a purchasing corporation does not assume the liabilities of the seller unless: (1) there is an agreement to assume liabilities; (2) the transaction is, in fact, a merger; (3) the transaction is a fraudulent attempt to avoid liabilities; or (4) the purchaser is a mere continuation of the predecessor corporation." (Citation, punctuation and footnote omitted.) *Colonial Bank v. Boulder Bankcard Processing*, 254 Ga. App. 686, 690 (6) (563 SE2d 492) (2002).

the vehicles were paid off, that the seller should have attempted to get the ambulance vehicles back if the buyer defaulted on the loan, that it could not "imagine" that the seller would "just leave your money on the table," and "something isn't fitting with the story." It concluded that Reece "need[ed] to do a lot more to show that this company was insolvent." It also stated, "I'm going to deny the motion. Grant Georgia Insolvency their motion."

In a written order titled "Order and Final Judgment," the trial court referenced its previous denial of the motions for summary judgment and the need for an evidentiary hearing. It concluded:

> In order to avail himself of "emergency claimant" status under OCGA § 33-36-20 (b) (3), Reece would have to show that Tri-County, his employer had been declared "bankrupt or insolvent by a court of competent jurisdiction." The only evidence presented by Reece at the evidentiary hearing on this point was the testimony of Jackie Ellington, the owner of Tri-County. The Court did not find Mr. Ellington's testimony credible on the issue of Tri-County's insolvency, and therefore, the Court does not find that Tri-County is, or was insolvent within the meaning of OCGA § 33-36-20 (b) (3). It is undisputed that Tri-County has not filed for, or been declared bankrupt.

IT IS HEREBY ORDERED, AND THE JUDGMENT OF THIS COURT, that Respondent Reece is not an "emergency claimant" pursuant to OCGA § 33-36-20 (b) (3).

1. In his first enumeration of error, Reece claims that the trial court was not authorized to make a finding of fact on the insolvency issue and improperly invaded the province of the jury. We find no merit in this claim, because Reece waived any right to a jury trial on this issue. See *Affatato v. Considine*, 305 Ga. App. 755, 757-758 (1) (700 SE2d 717) (2010). In both his cross-claim and at the beginning of the evidentiary hearing, Reece asked the trial court to make a finding on insolvency.

2. In his remaining enumeration of error, Reece claims that the trial court should have concluded as a matter of law, based on the evidence presented at the evidentiary hearing, that Tri-County was insolvent.[5] In support of this claim, he argues that "the uncontradicted evidence shows that Tri-County is no longer in business, it has been administratively dissolved, and it has no assets with which to satisfy its outstanding liabilities." We disagree.

---

[5] We express no opinion as to whether the trial court was a "court of competent jurisdiction" within the meaning of OCGA § 33-36-20 (b) (3) as this issue has not been raised by the parties and is not one which we must address to resolve the case before us.

"Waiver of a jury trial places the trial court in the same position as the jury." *Fred R. Surface & Assoc., Inc. v. Worozbyt*, 151 Ga. App. 638, 640 (3) (260 SE2d 762) (1979). "Credibility of witnesses and the weight to be given their testimony is a decision-making power that lies solely with the trier of fact." (Citations, punctuation and footnote omitted.) *Taylor v. Taylor*, 288 Ga. App. 334, 338 (2) (654 SE2d 146) (2007). "The trier of fact is not obligated to believe a witness even if the testimony is uncontradicted and may accept or reject any portion of the testimony." *Fuller v. Flash Foods*, 298 Ga. App. 217, 219 (1) (679 SE2d 775) (2009). In this case, the trial court expressly found that Ellington's testimony was not credible, and we must therefore affirm.

*Judgment affirmed. Doyle, P. J., concurs.  McFadden, J., concurs fully and specially.*

A13A1409. REECE v. GEORGIA INSURERS INSOLVENCY POOL.

MCFADDEN, Judge, concurring specially.

I fully concur in the majority opinion. I write separately only to note that this opinion is limited to the facts currently before the court. It does not address the issue of whether Reece could later be deemed an emergency claimant under OCGA § 33-6-20 should his former employer be declared bankrupt.